## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARTIN J. WALSH,** | ) | |
| **Secretary of Labor,** | ) | |
| **United States Department of Labor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21CV182 HEA** |
| | ) | |
| **LEVERING REGIONAL HEALTH** | ) | |
| **CARE CENTER, L.L.C., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Richard J. DeStefane's Motion to Dismiss [Doc. No. 12]. Plaintiff Martin J. Walsh, Secretary of Labor,[1] opposes the motion.  For the reasons set forth below, the Defendant's Motion will be granted. Plaintiff will be granted leave to file an Amended Complaint.[2]

### Facts and Background

On February 12, 2021, Plaintiff filed this action alleging that Defendants Levering Regional Health Care Center, L.L.C., Reliant Care Management Company, L.L.C. and Richard J. DeStefane, violated the overtime and

---

[1] Martin J. Walsh became the United States Secretary of Labor on March 23, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. Walsh should be substituted for Milton Al Stewart as the Plaintiff in this suit.

[2] Leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2).

recordkeeping provisions of the Fair Labor Standards Act ("FSLA"). Plaintiff seeks to recover unpaid overtime and liquidated damages on behalf of the employees from the Defendants and hold Defendant DeStefane personally liable.

On April 13, 2021, Defendant DeStefane moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which Plaintiff opposes.

Plaintiff's Complaint alleges, in pertinent part:

Defendant Richard J. DeStefane ("DeStefane"), an individual, resides in Missouri. DeStefane is the founder and proprietor of the Reliant Network, which is a group of more than 60 businesses including Levering Regional Health Care Center, L.L.C. ("Levering Regional"), Reliant Care Management Company, L.L.C., ("RCMC") and Reliant Care Group, L.L.C. DeStefane is the owner and President of Levering Regional, the President of RCMC, and the President of Reliant Care Group, L.L.C. DeStefane controls the entire Reliant Network of businesses.

At all relevant times herein mentioned, DeStefane acted and continues to act directly and indirectly in the interest of Levering Regional in relation to its employees. He controls the conditions of employment of Levering Regional employees through his ultimate decision-making authority concerning payroll policies and procedures implemented at the nursing facilities managed by RCMC, including Levering Regional. DeStefane is an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

2

Defendant Reliant Care Management Company, L.L.C. ("RCMC") is a Missouri limited liability company with a corporate office located in Maryland Heights, St. Louis County, Missouri. RCMC is a healthcare management company that manages skilled nursing facilities in Missouri, including Levering Regional in Hannibal, Missouri. RCMC is wholly owned by Reliant Care Group, L.L.C.

At times herein mentioned, RCMC acted and continues to act directly and indirectly in the interest of Levering Regional in relation to its employees by setting and implement policies and procedures, such as an automatic meal deductions for meal periods, that affected the employment conditions of Levering Regional's employees. RCMC is an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

Defendant Levering Regional Health Care Center, L.L.C. ("Levering Regional") is a for-profit Missouri limited liability company that operates Levering Regional Health Care Center, a skilled nursing facility located at 1734 Market St., Hannibal, Marion County, Missouri, within the jurisdiction of this Court. Levering Regional is owned by Richard J. DeStefane and managed by Reliant Care Management Company, L.L.C.

At times herein mentioned, Levering Regional employed and continues to employ employees at the nursing facility in Hannibal, Missouri and, therefore, is an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

Defendants are joint employers under the Act such that they are jointly and

3

severally liable for the violations set forth in this Complaint.

Since February 13, 2018, Defendants and related entities in the Reliant Network have operated as an enterprise within the meaning of section 3(r) of the Act (29 U.S.C. § 203(r)), in that they were engaged in the performance of related activities of providing healthcare and rehabilitation, through the unified operation and common control of RCMC, Reliant Care Group, L.L.C., and DeStefane, and for a common business purpose of operating a skilled nursing facility.

Since February 13, 2018, Defendants have been an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act (29 U.S.C. § 203(a)(1)(A)), in that they have employees engaged in commerce and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including medications and food products; and further, in that they have an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated.

Additionally, since February 13, 2018, Defendants have been an enterprise engaged in commerce within the meaning of section 3(s)(1)(B) of the Act (29 U.S.C. § 203(s)(1)(B)), in that they have been engaged in the operation of Levering Regional, which is an institution primarily engaged in the care of the sick, aged and/or mentally ill or defective who reside on the premises of such institution.

Defendants are the former and current employers of the employees named in

4

Appendix A, attached [to Plaintiff's Complaint]. The employees named in Appendix A were employed by Defendants at the Levering Regional nursing facility between February 13, 2018 and at least February 12, 2020. The employees regularly worked in excess of forty hours per workweek in certain workweeks between February 13, 2018 and at least February 12, 2020.

Since February 13, 2018, Defendants have willfully violated and are continuing to willfully violate the overtime provisions of sections 7(a) and 15(a)(2) of the Act (29 U.S.C. §§ 207(a), 215(a)(2)) by employing certain of their employees in an enterprise engaged in commerce for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

Defendants violated the overtime provisions by automatically deducting meal periods from shifts worked by its non-exempt employees regardless of whether the employees actually took the meal break, or attempted to take a meal break but were interrupted by work activities. Defendants did not require the non-exempt employees to clock out at the beginning or end of their meal periods. Instead, Defendants implemented a timekeeping system that automatically deducted meal periods from the employees' hours worked. Defendants' policy and practice of automatically deducting uncompensated meal periods from employees'

work shifts applied to all non-exempt, hourly employees named in Appendix A,

attached [to Plaintiff's Complaint].

Since February 13, 2018, Defendants, employers subject to the provisions of

the Act, have willfully violated and are continuing to willfully violate the

recordkeeping provisions of sections 11(c) and 15(a)(5) of the Act (29 U.S.C. §§

211(c), 215(a)(5)), in that they have failed to make, keep, and preserve adequate

and accurate records of Defendants' employees and of the wages, hours, and other

working conditions and practices of employment maintained by Defendants, as

prescribed by the regulations (29 Code of Federal Regulations Part 516)

promulgated pursuant to section 11(c) of the Act; specifically, by failing to make,

keep or preserve accurate and complete records of hours worked by and rates of

pay for non-exempt employees.

Defendants have willfully violated and are violating the provisions of the

Act, as alleged in paragraphs 13 through 16 above.

### Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R.Civ.P. 8(a)(2). If a pleading fails to state a claim upon which relief can be

granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to

test the legal sufficiency of a complaint to eliminate those actions "which are

fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McShane Constr. Co., LLC v. Gotham Ins. Co*., 867 F.3d 923, 927 (8th Cir. 2017), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.,* quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* quoting *Iqbal,* 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

### Discussion

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee ..." 29 U.S.C. § 203(d). In determining "employer" status under the FLSA, courts look to the economic

realities of the circumstances rather than technical common law concepts of agency. *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961). Courts within the Eighth Circuit typically review four factors and consider: (1) whether the alleged employer had the power to hire and fire the plaintiff; (2) whether the alleged employer supervised and controlled plaintiff's work schedules or conditions of employment; (3) whether the alleged employer determined the rate and method of payment; and (4) whether the alleged employer maintained plaintiff's employment records." *Childress v. Ozark Delivery of Missouri L.L.C.,* 95 F. Supp. 3d 1130, 1139 (W.D. Mo. 2015). Individual liability as an employer under the FLSA is determined through actual involvement in the day-to-day activities such as possessing the power to control the workers in question, with an eye to the "economic reality" presented by the facts of each case. *Maurer v. Chico's FAS Inc.,* 4:13CV519 TIA, 2013 WL 6388451, at *6 (E.D. Mo. Dec. 6, 2013), quoting *Goldberg*, 366 U.S.at 33; *see also*, *Wirtz v. Pure Ice Co.,* 322 F.2d 259, 263 (8th Cir. 1963) (holding that a combination of stock ownership, management, direction and the right to hire and fire employees would "well support" a finding of employer status).

Defendant DeStefane argues that Plaintiff failed to plead facts with respect to the existence of an employer-employee relationship between Defendant DeStefane and Levering Regional's employee and have therefore failed to state a claim against him. The Court agrees. The Complaint merely alleges conclusions,

without any factual support. In Plaintiff's Memorandum in Opposition to the Motion, Plaintiff does not disagree with the four-factor test stated above and argues that since Levering Regional directly controlled 183 employees and Defendant RCMC implemented the policy of automatically deducting meal periods that affected the employment conditions, there is a plausible inference of an employer-employee relationship between Defendant DeStefane and Levering Regional's employees because of Defendant DeStefane's position and authority.  The Complaint alleges that Defendant DeStefane owns Levering Regional and serves as the President of both Levering Regional and RCMC; controls Reliant Network that includes both Levering Regional and RCMC; and had the power to control the conditions of employment for Levering Regional employees "through his ultimate decision-making authority concerning payroll polices and procedures implemented at the nursing facilities managed by RCMC, including Levering Regional" and through his control over the structured of the entire Reliant Network. Simply alleging that because Defendant Levering Regional directly controlled 183 employees and Defendant RCMC knowingly set and implemented the policy of automatically deducting meal periods that affected the employment conditions fails to sufficiently plead facts that Defendant DeStefane and Levering Employees had an employer-employee relationship. Plaintiff is required to set forth facts to support Defendant DeStefane's "employer" status and his control over the conditions of employment.

9

**Conclusion**

Based upon the foregoing analysis, Defendant DeStefane's Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 12] is **GRANTED** as to Defendant Richard J. DeStefane only.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum, and Order to file an Amended Complaint.

Dated this 7th day of March, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE