**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

LORI CHAVEZ-DEREMER,           )
*Secretary of the United States*  )
*Department of Labor*,               )
                                              )
    Plaintiff,                        )           No. 4:21-CV-182 HEA
                                              )
v.                                             )
                                              )
LEVERING REGIONAL HEALTH   )
CARE CENTER, L.L.C., et al.,       )
                                              )
    Defendants.                    )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Levering Regional Health Care Center, L.L.C. ("Levering") and Reliant Care Management Company, L.L.C.'s ("Reliant Care") (collectively "Defendants") Motion to Reconsider Order Vacating Judgment and Denying Motions for Summary Judgment. (ECF No. 113). Plaintiff Lori Chavez-Deremer, Secretary of the United States Department of Labor, opposes Defendants' motion. For the reasons that follow, Defendants' motion to reconsider is denied.

### I.  Background

Plaintiff brings suit against Defendants for violating the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.("FLSA"). The Amended Complaint (hereinafter "Complaint") alleges Defendants violated the FLSA, because they automatically

deducted 30 minutes for meal breaks from employees' pay when Defendants knew or should have known the employees regularly worked through their meal breaks. According to the Complaint, Defendants have and are failing to pay certain of their employees for overtime work.  (ECF No. 23 at 4).  Plaintiff seeks unpaid overtime compensation for the period from February 13, 2018 going forward.  In addition, Plaintiff seeks to enjoin Defendants from withholding payment of unpaid compensation.

Following discovery in this case, Defendants filed a joint motion for summary judgment.  Defendants argued that they were entitled to summary judgment because there was no evidence they had violated the FLSA.  In the alternative, Defendants argued that in the event Plaintiff could establish an FLSA violation, the applicable statute of limitations should be two years, because there was no evidence Defendants willfully violated the FLSA.  Reliant Care filed a separate motion for summary judgment and argued it was not a joint employer.

On October 23, 2023, the Court granted Defendants' joint motion for summary and entered summary judgment in Defendants' favor.  The Court found that the undisputed evidence showed that there was a lawful policy in place whereby employees could report and be paid for missed meal breaks and, therefore, Defendants had not violated the FLSA.  The Court further found that Plaintiff failed to provide adequate evidence that employees worked more than 40 hours a week.

2

The Court denied as moot Defendants' alternative argument regarding the applicable statute of limitations and Reliant Care's separate motion for summary judgment. The Court entered Judgment in Defendants' favor, and Plaintiff appealed the Court's decision.

On March 26, 2025, the Court of Appeals for the Eighth Circuit reversed the entry of summary judgment and remanded the case for further proceedings. *Micone v. Levering Reg'l Health Care Ctr., L.L.C.*, 132 F.4th 1074 (8th Cir. 2025). The Eighth Circuit found there was evidence in the record that Defendants "knew or should have known that it was not paying its employees for time spent working during the automatically deducted lunch breaks." *Id.* at 1080 n.3.

On remand, Defendants asked that the Court revisit unresolved issues from their joint motion for summary judgment and Reliant Care's separate motion for summary judgment. In an Opinion, Memorandum, and Order dated August 25, 2025, the Court vacated the Judgment dated October 13, 2025. And after careful review of the record, the Court found Defendants' and Reliant Care's arguments were without merit and denied both motions for summary judgment as to all issues. This case is set for trial on October 6, 2025.

In the motion at bar, Defendants argue that the Court erroneously vacated the October 13, 2025 Judgment in full. They contend that Plaintiff's allegations can be divided into two periods of time – February 13, 2018, to February 12, 2020 (the

3

"Audit Period"), and February 13, 2020, through Present (the "Post Audit Period").

Defendants argue that the Eighth Circuit's reversal applied to the Audit Period only, and that they remain entitled to judgment as a matter of law as to the Post Audit Period.

## II.  Legal Standard

Defendants move for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Motions for reconsideration of non-final orders "can be construed as motions under Rule 60(b)." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018). *See also Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) ("motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders.") (cleaned up).  Rule 60(b) allows for relief based on the following six specific grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).  Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 480,

487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

### III.  Discussion

Defendants fail to identify the grounds upon which they are seeking relief under Rule 60(b). On this basis alone, the motion is denied. But the Court also finds Defendants' arguments are without merit.

In support of their contention that the Eighth Circuit's reversal is limited to the Audit Period only, Defendants point to language in the opinion where the Eighth Circuit discusses evidence from the Audit Period. For example, Defendants point to the following language:

> A reasonable jury could find that the absence of any time sheets submitted during the two-year audit period, contrasted with the over 800 time sheets submitted in a four-month period two years later, is evidence that Levering failed to effectively communicate its policy— which did not change—to employees during the audit period.

(ECF No. 93, 7). Defendants also quote the following language from the Eighth Circuit's opinion:

> Therefore, because a reasonable jury could find Levering knew or should have known that none of its employees ever submitted a Temporary Time Sheet to get reimbursed during the audit period despite working through lunch, a reasonable jury could find Levering knew or should have known that it was not paying its employees for time spent working during the automatically deducted lunch breaks.

(ECF No. 93 at 8). According to Defendants, this language demonstrates that the Eighth Circuit did not disturb this Court's findings in its October 13, 2023 Opinion,

Memorandum and Order granting summary judgment, except with regard to the Audit Period.  The Court does not agree.

In moving for summary judgment, Defendants sought the entry of summary judgment as to all claims against them.  They argued Plaintiff had no evidence that they had failed to pay employees for time worked during meal breaks.  The motion was not limited, even in the alternative, to a set period of time, such as the Post Audit Period.  In opposing summary judgment, Plaintiff had the burden of demonstrating that there was "sufficient probative evidence that would permit a finding in [Plaintiff]'s favor." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).  When faced with Defendants' motion for summary judgment, Plaintiff attempted to discharge her burden by pointing to evidence the agency had collected during the Audit Period.

Further, the Court granted Defendants' motion for summary judgment as to all claims against Defendants.  It found Defendants had a lawful meal deduction policy in place, and that there was no evidence that employees were not paid for any lunch periods that they worked through and for which they submitted temporary time sheets.  Plaintiff appealed that decision in full – Plaintiff's appeal was not limited to a specific period of time.

The Court of Appeals granted Plaintiff's appeal and reversed.  The court found, while Defendants had a policy in place, there was evidence in this case that

Defendants knew or should have known that they were not paying employees for time spent working during the automatically deducted meal breaks and, therefore, Defendants were not entitled to the entry of summary judgment for Plaintiff's claim under the FLSA. *Micone*, 132 F.4th at 1080. The Eighth Circuit's holding was based on the fact that there is evidence in the record that missed meal breaks were a prevalent practice, about which supervisors were aware. *Id.* at 1077. Despite this, Defendants continued to deduct meal breaks, and during the Audit Period, Defendants failed to produce a single Temporary Time Sheet by which an employee requested to be paid for a missed meal break. *Id.* at 1080. Further, the Eighth Circuit found that viewing the evidence in a light most favorable to Plaintiff, there is evidence in the record that Defendants did not inform some employees, including supervisors, that there was a policy to request pay for missed meal breaks, and that some employees believed Defendants discouraged employees from reporting missed meal breaks. *Id.* at 1077–78, 1080. The Eighth Circuit concluded this evidence precluded the entry of summary judgment in Defendants' favor.

Although the evidence upon which it relied was dated from the Audit Period, the Eight Circuit did not reverse this Court's summary judgment decision in part only. No where in the Eighth Circuit's decision does the Court of Appeals write that the reversal is limited strictly to the Audit Period. Defendants moved for the entry of summary judgment in full; on October 13, 2023, this Court entered summary

judgement in Defendants' favor in full; Plaintiff appealed the Court decision in full; and the Eighth Circuit reversed the entry of summary judgment in full.

In sum, the Court finds that the Eighth Circuit did not leave this Court's October 13, 2023 summary judgment ruling as to the Post Audit Period undisturbed. Defendants motion to reconsider is denied.  At trial, a jury will be asked to decide whether Defendants knew or should have known employees worked though meal breaks and whether Defendants failed to pay employees for all hours work.  *Micone*, 132 F.4th at 1079.  If Plaintiff has admissible evidence that Defendants violated the FLSA during the Post Audit Period, the evidence may be presented at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Levering Regional Health Care Center, L.L.C. and Reliant Care Management Company, L.L.C.'s Motion to Reconsider Order Vacating Judgment and Denying Motions for Summary Judgment is **DENIED**.  [ECF No. 113]

Dated this 19th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE