## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LORI CHAVEZ-DEREMER,           )
*Secretary of the United States*           )
*Department of Labor*,           )
           )
    Plaintiff,           )           No. 4:21-CV-182 HEA
           )
v.           )
           )
LEVERING REGIONAL HEALTH           )
CARE CENTER, L.L.C., et al.,           )
           )
    Defendants.           )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Secretary of the United States Department of Labor's Motion to Compel Supplemental Document Production. (ECF No. 103). Plaintiff moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an Order compelling Defendant Levering Regional Health Care Center, L.L.C. ("Levering") to supplement its response to a discovery request and to produce payroll records. Levering opposes the motion. For the reasons that follow, Plaintiff's Motion to Compel is granted.[1]

---

[1]Plaintiff's counsel certifies that counsel from both sides met and conferred by videoconference and attempted in good faith to resolve the discovery dispute but were unable to do so. Therefore, the Court finds that Plaintiff has met the requirements of Eastern District of Missouri Local Rule 3.04(A).

# I.    Background

Plaintiff brings suit against Levering and Reliant Care Management Company, L.L.C. ("Reliant Care") (collectively "Defendants") for violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.("FLSA").  The Amended Complaint (hereinafter "Complaint") alleges Defendants violated the FLSA, because they automatically deducted 30 minutes for meal breaks from employees' pay when Defendants knew or should have known the employees regularly worked through their meal breaks.  According to the Complaint, Defendants have and are failing to pay certain of their employees for overtime work.  The Complaint further alleges that Defendants have "and are continuing to willfully violate the recordkeeping provisions" of the FLSA.  (ECF No. 23 at 4).

Plaintiff seeks unpaid overtime compensation for the period from February 13, 2018 to February 12, 2020.  Further, "[i]nasmuch as the violations have continued, additional amounts of unpaid overtime compensation have accrued from February 13, 2020 to the present, for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff[,]" and Plaintiff seeks "[a] judgment granting the recovery of the unpaid overtime compensation plus an equal additional amount as liquidated damages, *through the date of judgment*[.]"  (*Id.* at 5) (emphasis added).  In addition, Plaintiff seeks to enjoin Defendants from withholding payment of unpaid compensation.

Plaintiff served Requests for Production of Documents on Levering on August 8, 2022.  In Request No. 22, Plaintiff sought Levering's payroll records from February 13, 2018, to present.  Levering initially objected to the request on the basis that the request sought confidential, third-party employment, personnel and compensation information.  Levering did not object to the scope of Request No. 22 or otherwise claim the discovery sought was irrelevant, but rather, it stated that it "will produce documents responsive to Request No. 22 upon entry of an appropriate Confidential Protective Order by the Court." (ECF No. 104, Ex. 2 at 8).   On December 14, 2022, the Court entered a Stipulated Protective Order, and Levering subsequently withdrew its objection.   In January 2023, Levering produced documents that were responsive to the request, but Levering limited some of its production to documents dated before December 31, 2020.

Under the operative Case Management Order ("CMO"), discovery closed on June 9, 2023, and the deadline to file discovery motions was 11 days later.  Plaintiff did not file a motion to compel production before that date.

Defendants filed motions for summary judgment, and on October 23, 2023, the Court entered summary judgment in their favor.  On March 26, 2025, the Court of Appeals for the Eighth Circuit reversed the entry of summary judgment and remanded the case for further proceedings.

In her memorandum in support of her motion, Plaintiff states that she recently received information that Levering continued to violate the FLSA through 2024, and the agency conducted an investigation.  In April 2025, Plaintiff obtained statements from employees that in 2024, Levering automatically deducted 30-minute breaks for lunch, even though employees could not take a meal break because the facility was short-staffed.

Plaintiff supplemented her initial disclosures to reflect that Plaintiff is seeking damages for continuing violations.  Plaintiff then asked Levering to supplement its discovery responses, and more specifically, its response to Request No. 22, because some of the payroll records Levering produced were limited to documents through December 31, 2020.  Levering declined and asserted that Plaintiff's claims were limited to the "Audit Period" from February 13, 2018, to February 12, 2020. Levering then supplemented its response to Request No. 22 to assert a new objection stating: "In light of the District Court's Opinion and Order dated October 13, 2023 and the Eighth Circuit's Judgment and Opinion dated March 26, 2025, Defendant Levering objects to Request No. 22 to the extent it seeks documents beyond February 2021 on the grounds of relevance."  (ECF No. 104, Ex. 14 at 10).  Plaintiff now seeks an order from the Court compelling Levering to supplement its response to Request No. 22 by requiring it to produce payroll records through December 31, 2024.

## II.    *Legal Standard*

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal court, which provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of Rule 26(b) is wide-reaching, and relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted).  After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992), *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511–12 (N.D. Iowa 2000)).  The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential

harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*. (quoting *Burke v. New York City Police Dep't,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

Rule 26(e) also imposes an ongoing duty to supplement incomplete or incorrect responses. Under the rule, a party who has responded to a request for production must supplement or correct its response in a timely manner if the party learns that in some material respect the disclosure is incomplete. Fed. R. Civ. P. 26(e)(1)(A).

### III.    *Discussion*

Plaintiff argues that the payroll documents she seeks in Request No. 22 are highly relevant to her claims. She also asserts that Levering is under a duty to supplement its discovery responses, which it has not done. The Court agrees that based on the allegations in the Complaint, payroll records through December 31, 2024, are relevant documents, and Plaintiff has carried her initial burden.

Levering responds to Plaintiff's motion with essentially two arguments. First, Levering argues that Plaintiff's motion is untimely. It argues that under the CMO, the deadline to file a motion to compel was June 23, 2023, and Plaintiff filed her motion to compel more than two years later, after the deadline expired.

Plaintiff is asking that the Court compel Levering to supplement a discovery response. Under Rule 26(e) parties are under a duty to supplement disclosures and

discovery responses, and Levering does not dispute that it is bound by this duty. Further, the duty to supplement is not limited by the discovery cutoff deadline, but rather it is ongoing. As Levering is under a continuing duty to supplement, the Court finds that Levering's argument as to timeliness is without merit.

Second, Levering argues that the scope of the trial is limited to the "Audit Period," which it defines as being from February 13, 2018 through February 12, 2020, and, therefore, the documents Plaintiff seeks in her motion to compel are not relevant to Plaintiff's claims. Levering maintains that the Eighth Circuit's findings that resulted in its reversal of this Court's grant of Summary Judgment applied only to the Audit Period and not to the "Post Audit Period." In support of its argument, Levering points to the following language from the Eighth Circuit's opinion:

> A reasonable jury could find that the absence of any time sheets submitted during the two-year audit period, contrasted with the over 800 time sheets submitted in a four-month period two years later, is evidence that Levering failed to effectively communicate its policy—which did not change—to employees during the audit period.

(ECF No. 93, 7). Levering also quotes the following language from the Eighth Circuit's opinion:

> Therefore, because a reasonable jury could find Levering knew or should have known that none of its employees ever submitted a Temporary Time Sheet to get reimbursed during the audit period despite working through lunch, a reasonable jury could find Levering knew or should have known that it was not paying its employees for time spent working during the automatically deducted lunch breaks.

(ECF No. 93 at 8).  According to Levering, this language demonstrates that the Eighth Circuit did not disturb this Court's findings in its October 13, 2023 Opinion, Memorandum and Order granting summary judgment, except with regard to the Audit Period.  The Court does not agree.

As set forth above, the Complaint alleges that Defendants have *and are* violating provisions of the FLSA.  Further, Plaintiff seeks compensation for unpaid wages from February 2018 going forward.  In moving for summary judgment, Defendants sought the entry of summary judgment as to all claims against them. They argued Plaintiff had *no* evidence that they had failed to pay employees for time worked during meal breaks.  The motion was not limited, even in the alternative, to a set period of time, such as the "Post Audit Period."  In opposing summary judgment, Plaintiff had the burden of demonstrating that there was "sufficient probative evidence that would permit a finding in [Plaintiff]'s favor." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).  When faced with Defendants' motion for summary judgment, Plaintiff attempted to discharge her burden by pointing to evidence the agency had collected during the Audit Period.

The Court granted Defendants' motion for summary judgment as to all claims against Defendants, finding there was a lawful meal deduction policy in place, and no evidence that employees were not paid for any lunch periods that they worked

through and for which they submitted temporary time sheets.  Plaintiff appealed that decision in full – Plaintiff's appeal was not limited to a specific period of time.

The Court of Appeals granted Plaintiff's appeal and reversed.  It found, while Defendants had a policy in place, there was evidence in the record that Defendants knew or should have known that the policy was not being followed.  It found there was evidence in the record, specifically from the Audit Period, that Defendants knew or should have knowing that employees worked through meal breaks and were not paid, and this evidence precluded the entry of summary judgment in Defendants' favor.  Although the evidence upon which the court relied was from the Audit Period, the Eight Circuit did not reverse this Court's summary judgment decision in part only.  No where in the Eighth Circuit's decision does the Court of Appeals write that the reversal is limited strictly to the Audit Period. The Eighth Circuit reversed the entry of summary judgment in full.   Therefore, if Plaintiff has evidence that Defendants violated the FLSA during the "Post Audit Period," the evidence may be presented at trial.  Levering's argument that Plaintiff's motion for the production of records from the "Post Audit Period" should be denied on relevancy grounds is without any merit.

The Court finds the documents Plaintiffs seeks in Request No. 22 are relevant to this dispute, and that Levering is under a duty to supplement it discovery responses, which it did not do.  The Court grants Plaintiff's motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Lori Chavez-DeRemer's Motion to Compel Supplemental Document Production is **GRANTED**.  On or before **September 26, 2025**, Defendant Levering Regional Health Care Center, L.L.C. shall supplement its response to Plaintiff's Request to Produce No. 22 by producing payroll records through December 31, 2024.  [ECF No. 103]

Dated this 19th day of September, 2025.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE